IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHER DIVISION
No. 2:12-CV-60-D

| | |
|---|---|
| JAMES F. PETERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RODNEY MIDGETT, former Sheriff ) | |
| of Dare County, et al., ) | |
| ) | |
| Defendants. ) | |

James F. Petersen ("Petersen" or "plaintiff") filed suit under 42 U.S.C. § 1983 and state law and alleged that various Dare County Sheriff personnel mistreated him in September 2009 while he was detained in the Dare County Detention Center. On September 25, 2015, the court granted summary judgment to defendants. See [D.E. 118, 119]. On October 9, 2015, defendants moved for $19,501.93 in costs. See [D.E. 120]; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); Local Civil Rule 54.1. On October 22, 2015, Petersen responded in opposition and urged the court to award no costs. See [D.E. 121]. On October 29, 2015, defendants replied. See [D.E. 126]. As explained below, the court grants defendants' motion for costs in part and awards defendants $11,371.93 in costs.

I.

Federal Rule of Civil Procedure 54(d)(1) governs a post-judgment motion for costs. See Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Id. A "prevailing party" is "a party in whose favor a judgment is rendered" or "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quotation and alteration omitted). Rule 54(d)(1) "gives rise to a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).

When awarding costs to the prevailing party, the court looks to federal law to determine the scope of the award. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–43 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988(c). Section 1920 of Title 28 of the United States Code lists taxable costs. 28 U.S.C. § 1920; see Crawford Fitting Co., 482 U.S. at 441 ("[Section] 1920 defines the term 'costs' as used in Rule 54(d).").[1] Section 1920's list of recoverable costs is exhaustive as to "expenses that a federal court may tax under the discretionary authority found in Rule 54(d)." Crawford Fitting Co., 482 U.S. at 441–42. Accordingly, "Rule 54(d) does not provide authority to tax as costs those expenses not enumerated in [section] 1920." Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988); see Crawford Fitting Co., 482 U.S. at 441–42.

A court's local rules also inform a party's ability to recover costs. Pursuant to Federal Rule of Civil Procedure 83, "a district court . . . may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Local rules promulgated pursuant to Rule 83 "have the force and effect of law, and are binding upon the parties and the court which promulgated them." Jackson v. Beard, 828 F.2d 1077, 1078 (4th Cir. 1987) (quotation omitted). District courts have "broad discretion to interpret their local rules[, and] [o]nly in rare cases will [appellate courts] question the exercise of

---

[1] Taxable costs under section 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 . . . ;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ."

28 U.S.C. § 1920.

2

discretion in connection with the application of... local rules." Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 842 n.2 (9th Cir. 1994) (citation and quotation omitted); Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished); Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 510 (E.D.N.C. 2012); AM Props. v. Town of Chapel Hill, 202 F. Supp. 2d 451, 453–54 (M.D.N.C. 2002). District courts routinely apply local rules concerning recoverable costs. See, e.g., Silicon Knights, Inc., 917 F. Supp. 2d at 510; Couram v. S.C. Dep't of Motor Vehicles, Civil Action No. 3:10-00001-MBS, 2011 WL 6115509, at *2–3 (D.S.C. Dec. 8, 2011) (unpublished); Bland v. Fairfax Cnty., No. 1:10CV1030 (JCC/JFA), 2011 WL 5330782, at *5 (E.D. Va. Nov. 7, 2011) (unpublished). This court has promulgated a local rule governing the recovery of costs. See Local Civil Rule 54.1.[2] Accordingly,

---

[2] Local Civil Rule 54.1(c)(1) provides a non-exhaustive list of normally recoverable costs:

(a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition;

(b) premiums on required bonds;

(c) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district;

(d) one copy of the trial transcript for each party represented by counsel.

Local Civil Rule 54.1(c)(1). Local Civil Rule 54.1(c)(2) also identifies items "normally not taxed, without limitation" as

(a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties;

(b) multiple copies of depositions;

(c) daily copy of trial transcripts, unless prior court approval has been obtained.

Local Civil Rule 54.1(c)(2).

3

Local Civil Rule 54.1 refines the scope of recoverable costs within the discretion provided to district courts under section 1920 and the Federal Rules.

II.

On September 9, 2012, Petersen filed suit against numerous defendants. He alleged that Dare County Sheriff Rodney Midgett and numerous subordinates of Sheriff Midgett mistreated Petersen in September 2009 in the Dare County Detention Center. Petersen sought nearly $2,000,000 in damages. After extensive and hard-fought litigation, defendants prevailed on all claims. See [D.E. 126] 1–6; Petersen v. Midgett, No. 2:12-CV-60-D, 2015 WL 5684722, at *1–2 (E.D.N.C. Sept. 25, 2015). Defendants now seek $8,760.93 in fees for deposition transcripts necessarily obtained for use in the case, $8,250.00 in witness fees associated with the depositions of two experts, and $2,491.00 for exemplification costs. See [D.E. 120-1] 2–3.

Petersen admits that defendants were the prevailing party. Nonetheless, Petersen urges the court to deny defendants any costs. In support, Petersen argues that awarding costs would be unjust because (1) defendants failed to follow state policy concerning Petersen's incarceration; (2) Petersen lacks the ability to pay costs; (3) defendants' claim for exemplification expenses is excessive; (4) defendants may not recover the requested expert fees; and (5) taxing costs would chill future actions by other plaintiffs under 42 U.S.C. § 1983. See [D.E. 122] 2–6; cf. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (describing various factors for a court to consider in awarding costs).

A district court has discretion to deny costs to the prevailing party. See Crawford Fitting Co., 482 U.S. at 441–42; Cherry, 186 F.3d at 446; Silicon Knights, Inc., 917 F. Supp. 2d at 509; Couram, 2011 WL 6115509, at *2. A court "must justify its decision to deny costs by articulating some good reason for doing so." Cherry, 186 F.3d at 446 (quotations and alteration omitted); see Teague, 35 F.3d at 996. A losing party's good faith is insufficient, standing alone, to justify denying costs to a prevailing party. See Cherry, 186 F.3d at 446. Instead, a losing party's good faith is a "virtual

4

prerequisite" to denying costs to a prevailing party. Id. (quotation omitted). If a court finds that the losing party acted in good faith, the court may deny an award of costs when "there would be an element of injustice in a presumptive cost award." Id.; see Delta Air Lines, 450 U.S. at 355 n.14. The factors that a court should consider to determine whether such an element of injustice would arise from an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished); see Cherry, 186 F.3d at 446–48; Silicon Knights, Inc., 917 F. Supp. 2d at 509–10.

In pursuing his case, Petersen acted in good faith. Accordingly, the court analyzes Petersen's argument that awarding costs to defendants would be unjust. See Ellis, 434 F. App'x at 235; Cherry, 186 F.3d at 446; Silicon Knights, Inc., 917 F. Supp. 2d at 509–10. In doing so, the court examines the five Ellis factors. See Ellis, 434 F. App'x at 235.[3]

First, the court considers whether the prevailing party engaged in misconduct. See id. Here, defendants did not engage in misconduct. Just as Petersen proceeded in good faith in pursuing his claims, defendants proceeded in good faith in defending the case. Thus, this factor does not support denying costs to defendants.

Second, the court considers the unsuccessful party's inability to pay costs. See id. at 235–36; Teague, 35 F.3d at 996–97. This factor warrants denying costs only when the losing party proves that he is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against [him]." Cherry, 186 F.3d at 447.

Petersen asserts that he lacks the resources to pay any costs. See [D.E. 121-1]. Specifically, he submitted an affidavit stating that his total monthly income is $1,538.33 and his monthly expenses

---

[3] The Fourth Circuit did not include in the Ellis factors any reference to an alleged effect on other plaintiffs in future litigation under section 1983. Thus, the court does not consider that factor.

5

are $1,418.75. See id. Petersen's affidavit, however, does not prove that awarding costs to defendants would be "unjust or inequitable." Cherry, 186 F.3d at 447. First, Petersen's income does not exceed his expenses. Furthermore, Petersen's affidavit fails to discuss whether he has an agreement with his attorney concerning costs and whether any such agreement obligates his attorney to pay costs. Likewise, Petersen's affidavit fails to mention whether Petersen is the beneficiary of a contract with a third-party financier concerning the payment of costs. Such agreements are not uncommon. "Merely stating that one is of 'modest means' is insufficient to overcome the presumption that the losing party must pay the prevailing party's costs." Farrar & Farrar Dairy, Inc., v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *4 (E.D.N.C. Mar. 8, 2012) (unpublished) (quoting Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 588 (D. Md. 2004)); see Hogan v. Defendants Pharm. Corp., Civil Action No. 06-260 (BMC), 2012 WL 5898473, at *5 (E.D.N.Y. Nov. 12, 2012) (unpublished), aff'd, 548 F. App'x 672 (2d Cir. 2013) (unpublished); Eberhart v. Defendants Pharm. Corp., 282 F.R.D. 697, 699–700 (N.D. Ga. 2012); Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 WL 452743, at *2 (W.D. Va. Feb. 8, 2010) (unpublished); Synergistic Int'l, L.L.C. v. Korman, Civil No. 2:05CV49, 2007 WL 517676, at *6 (E.D. Va. Feb. 8, 2007) (unpublished). Accordingly, Petersen has failed to prove that he is unable to pay the costs, and this factor does not support denying costs to defendants.

Third, the court considers the excessiveness of the costs in a particular case. See Ellis, 434 F. App'x at 235. Here, the court has reviewed the costs that defendants seek and finds that defendants are not seeking excessive costs. Thus, this factor does not support denying costs to defendants.

Fourth, the court considers the limited value of the prevailing party's victory. See id. Here, defendants' victory was not of limited value. Petersen made serious allegations about defendants, sought millions of dollars in alleged damages, and defendants vigorously defended the case. Thus,

6

this factor does not support denying costs to defendants.

Fifth, the court considers "the closeness and difficulty of the issues decided." Id.; Teague, 35 F.3d at 996. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 732–33 (6th Cir. 1986). Courts that have denied costs based on this factor generally have done so following a lengthy trial that adjudicated novel issues. See, e.g., Ellis, 434 F. App'x at 235 ("The case was hotly contested at trial and in the previous appeal."); White & White, Inc., 786 F.2d at 732 (upholding denial of award of costs on the basis of complex legal issues when "the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion"); Turner v. United States, 736 F. Supp. 2d 980, 1024 (M.D.N.C. 2010); Va. Panel Corp. v. MAC Panel Co., 203 F.R.D. 236, 237–38 (W.D. Va. 2001).

This case involved a straightforward application of federal and North Carolina law to Petersen's dispute with defendants, and the issues decided in this case do not support denying costs to defendants. Accordingly, having examined the five Ellis factors, the court rejects Petersen's request to deny costs to defendants.

Alternatively, Petersen argues that the court should deny certain costs to defendants. See [D.E. 122] 4–6. Specifically, Petersen argues that defendants should not recover deposition transcript costs, certain exemplification costs, and expert witness fees. See id.

Section 1920(2) permits a party to recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); Cherry, 186 F.3d at 448–49. Pursuant to section 1920(2), defendants seek to recover $8,760.93 in deposition transcript costs. See [D.E. 120-1] 2.

Defendants submitted the invoices for the deposition transcripts, and the court finds that deposition transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Moreover, "[i]t is not necessary for depositions to be used in trial or dispositive motion for a party to recover those costs." Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011) (unpublished). Rather, the costs of deposition transcripts are recoverable when taking "a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987); Ray Commc'ns, Inc., 2011 WL 3207805, at *3. Here, defendants deposed numerous witnesses in order to file a motion for summary judgment and to be prepared if a trial did occur. See [D.E. 120-2] 7–23. Thus, defendants necessarily obtained the deposition transcripts for use in the case, and the court awards defendants $8,760.93 for deposition transcripts. See 28 U.S.C. § 1920(2); LaVay Corp., 830 F.2d at 528; Ray Commc'ns, Inc., 2011 WL 3207805, at *3.

Next, Petersen argues that defendants are not entitled to recover certain copying costs. See Pl.'s Objs. 4. The court finds that defendants' request for $2,491.00 in copying costs, see [D.E. 120-1] 2, is properly documented, that the copies were "necessarily obtained for use in the case," and that the copying costs are recoverable under section 1920(4). See, e.g., Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995); Silicon Knights, Inc., 917 F. Supp. 2d at 512; Farrar & Farrar Dairy, Inc., 2012 WL 776945, at *4–5; Mann v. Heckler & Koch Def., Inc., No. 1:08cv611 (JCC), 2011 WL 1599580, at *8 (E.D. Va. Apr. 28, 2011) (unpublished); Francisco v. Verizon S., Inc., 272 F.R.D. 436, 445–46 (E.D. Va. 2011). Thus, the court awards defendants $2,491.00 in costs related to copying materials necessarily obtained for use in the case. See 28 U.S.C. § 1920(4).

Finally, Petersen argues that defendants should not recover $8,250.00 in expert witness fees that defendants incurred concerning the deposition appearance fees of Dr. Paul Adler and Dr. David Waters. See [D.E. 122] 5–6. The court has reviewed the expert witness fees and concludes that defendants cannot recover any expert witness fees for Dr. Paul Adler and Dr. David Waters, except

a witness fee of $40 per day. See 28 U.S.C. § 1920(3); Local Civil Rule 54.1(c)(1)(C); 28 U.S.C. § 1821(b) (allowing witness fees of $40 per day). Accordingly, the court awards defendants $120.00 in costs for witness fees for Dr. Paul Adler and Dr. David Waters. See 28 U.S.C. § 1920(3); Local Civil Rule 54.1(c)(1)(c); 28 U.S.C. § 1821(b).

III.

In sum, the court GRANTS in part defendants' motion for costs [D.E. 120] and AWARDS defendants $11,371.93 in costs. The clerk shall tax total costs of $11,371.93 against plaintiff.

SO ORDERED. This 23 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge